**In re SALEM BANK BUILDING LIMITED PARTNERSHIP, a Virginia Limited Partnership, Debtor.**

**Bankruptcy No. 7–82–01624.**

United States Bankruptcy Court, W.D. Virginia, Roanoke Division.

Nov. 18, 1983.

Helen P. Parrish, Charlottesville, Va., for Debtor.

Roy V. Creasy, Roanoke, Va., for John H. Adler.

### MEMORANDUM OPINION

H. CLYDE PEARSON, Bankruptcy Judge.

This matter came on for hearing upon the filing by counsel for John H. Adler, d/b/a Adler Leasing & Development Co. ("Adler"), of a Motion to Permit Creditor to Vote on the Plan of Reorganization and a Motion for Hearing on an Executory Contract.

Salem Bank Building Limited Partnership, the Debtor, filed a Chapter 11 petition in this Court on December 20, 1982. Adler was listed on the petition as an unsecured creditor. Adler filed a proof of claim in the case on March 29, 1983.

A. *Motion to Permit Creditor to Vote on Reorganization Plan*

On August 22, 1983, Debtor filed a Disclosure Statement and Plan of Reorganization ("Plan"). Notice of hearing on the Disclosure Statement was given to all creditors, including Adler, who appeared by counsel at the hearing. Copies of the ap-

proved Disclosure Statement, along with copies of the Plan and ballots were mailed to all creditors on September 13, 1983. October 12, 1983 was set as the last day for filing objections to confirmation of the Plan and the hearing on confirmation was set for October 27, 1983. Adler filed no objection to confirmation and cast no ballot. Counsel for Adler appeared at the confirmation hearing and orally objected to confirmation, but did not vote. At this hearing, counsel for Debtor personally gave Adler's counsel a copy of the approved Disclosure Statement and the Plan.

On November 10, 1983, Adler, by counsel, filed his Motion requesting that he now be allowed to vote on the Plan, stating that he never received copies of the Plan or a ballot because they were mailed to an incorrect address. The Debtor objects to granting Adler's Motion on the grounds that proper notice was received by the creditor to enable him to vote in a timely fashion.

The evidence consists of statements by the respective counsel and the Court's records. Adler was originally listed on Debtor's petition at 2711 Wildwood Road, Salem, Virginia 24153. All notices were mailed to this address, none of which were returned to the Court or to Debtor's counsel. No change of address was ever filed by Adler or his counsel with the Court or with Debtor's counsel. Adler appeared by counsel at both the hearing on the Disclosure Statement and the hearing on Confirmation of the Plan.

The Court concludes that Adler received notice of the Plan, ballot, and confirmation hearing. The Motion to Permit Creditor to vote will be denied.[1]

### B. *Motion for Hearing on Executory Contract*

On or about July 11, 1975, Adler entered into an Agreement with Salem Investment Association (Debtor's predecessor in inter-est) whereby Adler was appointed as exclusive Agent for a period of fifteen years. Adler's duties as Agent included soliciting tenants for the building, negotiating lease extensions and renewals, and collecting monthly rentals. Compensations for services rendered was to be in the nature of 6% of the gross rental income due Owner from each tenant. The contract further provided that the Agent's right to compensation arose on the procurement of a tenant and continued so long as the tenant remained a tenant of the Owner or Owner's heirs, assignees, transferees, or purchasers, and regardless of whether the Agent was terminated or relieved of duties and obligations under the Agreement.

Article V of Debtor's Plan provides for the assumption and assignment of certain unexpired leases of tenants in the subject building to the contract purchaser of the building. Several executory contracts, including the Agreement with Adler, are rejected by the Plan. Counsel for Adler contends that the Debtor cannot assume and assign the tenants' unexpired leases without also assuming his executory contract; he further requests that Debtor's Plan be modified to provide for payment of the commissions due him under the terms of the Agreement.

11 U.S.C. § 365(a) authorizes the assumption or rejection of executory contracts and unexpired leases:

(a) Except as provided in sections 765 and 766 [2] of this title and in subsections (b), (c), and (d) of this section, the trustee, subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor.

Pursuant to 11 U.S.C. § 1107(a), a debtor-in-possession has the same rights, powers, and duties as a trustee.

The 1978 Code is silent as to the circumstances under which the trustee or debtor-in-possession may reject a contract. There is no fixed standard to be applied in determining the propriety of the trustee's ac-

---

1. The Plan having been accepted by a substantial vote, this creditor's voting for or against the Plan would be of little consequence.

2. §§ 765 and 766 deal with commodity broker liquidation cases and, hence, inapplicable here.

tions in rejecting a contract, leaving unanswered the question whether the trustee's discretion alone prevails or whether some type of equitable standard should prevail.

Cases decided under the 1898 Act sometimes applied a benefit/burden type of analysis in determining whether rejection of an executory contract was proper. The guidelines for rejection included factors such as whether the contract was a benefit or a burden to the debtor's estate; whether it would help or hinder corporate reorganization; whether the contract is "risky"; whether large sums of money are called for to continue performance of the contract; whether the debtor, if free from the burden of the contract, would be in a better position to make current payments to other creditors, See 9A *Am.Jur.2d*, Bankruptcy § 519, and cases cited therein.

Other courts deciding cases under the 1898 Act applied a "business judgment" standard, rather than an onerous and burdensome test. This view held that the assumption or rejection of executory contracts should rest in the trustee's sound business judgment and discretion. The leading case which set forth this view is *Group of Institutional Investors v. Chicago, Milwaukee, St. Paul & Pacific R. Co.,* 318 U.S. 523, 52 Am.B.R.(N.S.) 526, 63 S.Ct. 727, 87 L.Ed. 959 (1943). Using this standard, the trustee would not be obliged to assume contracts that are even marginally profitable if he deems the best interest or administrative convenience of the estate to be otherwise. *Re 1430 Equities, Inc.,* 18 C.B.C. 289, 4 B.C.D. 806 (Bankr.S.D.N.Y. 1978).

In the instant case, this Court is satisfied that the appropriate test for determining the propriety of the debtor-in-possession's actions is the "business judgment" approach. It has been followed by numerous Circuit, District, and Bankruptcy Courts. See *Borman's Inc. v. Allied Supermarkets, Inc.,* 706 F.2d 187 (6th Cir. 1983); *In re Minges,* 602 F.2d 38 (2nd Cir. 1979); *Matter of Tilco,* 558 F.2d 1369 (10th Cir.1977); *In re Sombrero Reef Club, Inc.,* 18 B.R. 612 (Bankr.S.D.Fla.1982); *In re*

*Lafayette Radio Electronics Corp.,* 8 B.R. 528 (Bankr.E.D.N.Y.1981).

Under the business judgment test, a court should approve the debtor's proposed rejection if such rejection will benefit the estate. *In re Minges, supra,* at 43. Some courts have suggested that the role of the Court in this determination is minimal, and that rejection should be denied only where the trustee's or debtor-in-possession's decision is clearly erroneous. *In re Sombrero Reef Club, Inc., supra,* at 617; *In re Summit Land Co.,* 13 B.R. 310 (Bankr.D.Utah 1981). This Court holds that the debtor-in-possession's decision to reject the executory contract in the present cases is not clearly erroneous. Indeed, the debtor's election to reject the executory contract has further been confirmed by action of its other creditors. The debtor's plan calls for its rejection as being in the best interest of the debtor's rehabilitation efforts. This further benefits all creditors affected and aids the debtor in carrying out its plan. Other creditors have exercised their best judgment and accepted the Plan as required by statute, which the Court has now confirmed. To deny the debtor's efforts to reject this contract would be unwise.

Adler is not without remedy. *Federal Bankruptcy Rule* 3002(c)(4) provides procedural machinery for asserting his claim for any damages sustained as a result of the breach brought about by the rejection.

It is a rare event for a creditor to resist a trustee or debtor's effort to reject an executory contract. Indeed, in Chapter 7 liquidations pursuant to 11 U.S.C. § 365(d)(1), unless the trustee affirmatively assumes an executory contract or unexpired lease within the prescribed time, it is deemed rejected as a matter of law.

An appropriate Order will issue approving the rejection.